

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Shelburne H. Glover
County Attorney
Marion County
Jefferson, Texas

Dear Sir:

Opinion No. O-4099
Re: Employment and salary of school
bus driver and route of opera-
tion of his bus.

We have received your letter of October 6, 1941,
in which you ask the opinion of this department on the fol-
lowing questions which we quote from your letter:

"1. Where a man has been employed to drive
a school bus, and the revenues derived from the
State permit payment to such driver the sum of
$30.00 per month for his services which is ad-
mittedly inadequate, can the Local Trustees of
a particular district augment his salary out of
the Common School District fund of such District?

"2. (a) Do the Trustees of a Common School
District have the right to employ a bus driver,
or must such driver be employed by the County
School Board?

"(b) Is the route over which a school bus
driver operates a matter for the Local Trustees,
or the County School Board to determine?"

For the sake of convenience we will answer your
questions in reverse order.

Article 2687a, Vernon's Annotated Civil Statutes
reads in part as follows:

"The trustees of any school district, com-
mon or independent, making provision for the
transportation of pupils to and from school,
shall for such purpose employ or contract with

471

a responsible person or firm. No person shall
be employed to transport pupils, who is not at
least twenty-one years of age and a competent
driver of motor vehicles and sound in body and
mind."

However, Section 4 of Article V of the Rural Aid
Appropriation (Acts 1941, 47th Leg., H. B. 284) provides as
follows:

"County Boards of Trustees are hereby author-
ized to employ bus drivers for one year and the
salary of no bus driver may be paid out of the
County Board Transportation Fund created herein
unless such bus driver is so employed. Provided
further, that only pupils or persons directly con-
nected with the school system shall be transported
on school buses while in the process of transport-
ing pupils to and from the school and any bus
driver violating the foregoing provisions shall
forfeit his contract and shall be immediately dis-
charged by the County Board of Trustees. However,
subject to the provisions herein, bus drivers
who own their own buses and are so employed may
be given a contract for not to exceed two (2)
years conditioned that said bus drivers agree to
make improvements on their buses, so as to more
adequately insure safer transportation for the
scholastics, and the route of such bus is not
changed for the second year of the contract."

It is elementary that the Legislature in appro-
priating public moneys is empowered to provide the manner
of their disbursement, and as we held in Opinion No. 0-1426,
it is within its province to attach "conditions to their
expenditure." Therefore, a school district which comes
within the provisions of the Rural Aid Appropriation Bill
and elects to accept the benefits thereof must comply with
the provisions and conditions of the bill before it will
be entitled to receive aid thereunder. Section 4 quoted
above provides for the employment of bus drivers by the
county board of trustees. Assuming that the school dis-
trict to which you have reference is eligible for aid and
intends to receive it under the bill, it follows that the
bus driver must be employed by the county board of trustees.

Honorable Shelburne H. Glover, Page 3

Section 1 of Article V of the Rural Aid Bill reads in part as follows:

"The County Superintendent and County School Boards of the several counties of this State, subject to the approval of the State Superintendent of Public Instruction, are hereby authorized to annually set up the most economical system of transportation possible for the purpose of transporting both grade and high school pupils from their districts, and within their district."

It follows from the same reasoning expressed above that route of operation of the bus is a matter, not for the local board of trustees, but for the county superintendent and county board of trustees, subject to the approval of the State Superintendent, as part of the authority to set up an economical system of transportation.

We turn now to your remaining question, whether the local board of trustees may supplement the bus driver's salary of $30.00.

Section 2 of Article I of the Rural Aid Bill provides as follows:

"Sec. 2. Tax Levy. No school district shall be eligible to receive any type of aid authorized under the provisions of this Act unless it shall be providing for the annual support of its schools by voting, levying and collecting for the current school year a local maintenance school tax of not less than fifty cents (50¢) on the one hundred dollars of property valuation in the entire district. The property valuations shall not be less than said property is valued for State and county purposes. The income from such a maintenance tax in excess of the required fifty cents (50¢) maintenance tax must first be used to retire indebtedness, if any, in the local and equalization (Rural Aid) school funds. After the indebtedness in these funds, if any, has been retired the income from this maintenance tax in excess of the required fifty cents (50¢) maintenance tax may be used at the discretion of the local school authorities of the district for any lawful school purpose. Provided that

Honorable Shelburne H. Glover, Page 4

no local funds may be used to increase teachers'
salaries directly or indirectly above the salary
schedule provided for in this Act. Any or all
maintenance tax above fifty cents (50¢) may not
be included in the calculation of need for aid
but shall be reported in the budget. If the in-
come from the maintenance tax above fifty cents
(50¢) is not spent as prescribed herein, it shall
be included as receipts in the budget. In order
to comply with the terms of this section it shall
be necessary for such school districts applying
for any type of aid authorized under the terms
of this Act, to report all valuations within such
districts including all consolidated districts
and annexed districts and failure to report all
such valuations shall prevent such district from
receiving any type of aid authorized under this
Act. Provided that the tax provisions and other
inhibitions provided in said Act shall not apply
to the school where the Alabama Indians attend
school in Polk County, Texas."

We have been informed by the Department of Educa-
tion that under the rules and regulations governing trans-
portation in Texas, the maximum expense that can be allowed
for operating any one bus is as follows:  an amount not to
exceed $30.00 per month for a driver, plus an amount not to
exceed $40.00 per month for operation expense of the bus plus
one-fifth of the original cost of the bus for the year.

Under the act, districts which receive aid for
transportation costs have their local taxes restricted and
budgeted; therefore, no district participating in the rural
aid funds is to have any surplus funds above the $30.00 per
month for the bus driver unless such district has a local
maintenance tax rate above fifty cents (50¢) on the one hun-
dred dollars of property valuation. In that case, such ex-
cess revenue could be used to increase the bus driver's
salary, after retirement of the school indebtedness, if any.

This opinion has been written on the assumption
that the district is eligible for aid and desires to receive
the same, and your questions have been answered on that basis.
There is nothing in the bill which compels school districts
to seek its benefits. If the district does not choose to

participate under the act, then under Article 2687a the local board may employ the bus driver, fix his salary, and determine the route of operation of his bus.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 22, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By George W. Sparks
George W. Sparks
Assistant

GWS:mp



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN